Julie A. Mersch, Esq.
Nevada Bar No. 004695
LAW OFFICE OF JULIE A. MERSCH
1100 E. Bridger Ave.
Las Vegas, NV 89101
(702) 387-5868
Fax (702) 387-0109
jam@merschlaw.com

Martina B. Sherman, Esq. (*Pro Hac Vice pending*)
DEBOFSKY LAW, LTD.
150 N. Wacker Drive, Suite 1925
Chicago, IL 60606
(312) 561-4040
Fax (312) 929-0309
msherman@debofsky.com
*Attorneys for Plaintiff Virginia Rollins*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VIRGINIA ROLLINS,<br><br>      Plaintiff,<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>      Defendant. | Case No.:<br><br><br>**COMPLAINT** |

Now comes the Plaintiff, VIRGINIA ROLLINS, by and through her attorney, JULIE A. MERSCH, and complaining against the Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("Hartford" or "Defendant"), states as follows:

**JURISDICTION**

1. Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"), and in particular, ERISA §§ 502(e)(1) and (f) (29 U.S.C. §§ 1132(e)(1) and (f)). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of employee welfare benefit plans, which, in this case,

COMPLAINT - 1

involves a long-term disability ("LTD") group insurance policy underwritten and administered by Hartford for the benefit of employees of Intermountain Health Care, Inc. ("Intermountain"). The name of the subject plan is "Intermountain Health Care, Inc. Long-Term Disability Plan" which, upon information and belief, is administered in multiple states, including Nevada.

2. This action may be brought before the district court pursuant to 28 U.S.C. § 1331, which provides subject matter jurisdiction over actions that arise under the laws of the United States.

3. The ERISA statute provides, at ERISA § 503 (29 U.S.C. § 1133), a mechanism for administrative or internal appeals of benefit denials and terminations. Those avenues of appeal have been exhausted.

**VENUE**

4. Venue is proper in the District of Nevada pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) because the plan is administered in this District, and because the Defendant resides or may be found in this District.

**NATURE OF ACTION**

5. This case seeks the payment of LTD benefits due under a group policy of insurance, group policy number GLT-674445 ("Policy") (a true and correct copy of which is attached hereto and by that reference incorporated herein as "Exhibit 1"), which is underwritten and administered by Hartford, and sponsored by Intermountain Health Care, Inc. to provide LTD benefits to its eligible employees. This action is brought as a claim for benefits pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Mrs. Rollins also seeks attorneys' fees and costs pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)).

**PARTIES**

6. Mrs. Rollins, who was born in 1963, is a resident of West Point, Davis County, Utah. Incident to her employment with Intermountain, Mrs. Rollins received coverage under the Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

COMPLAINT - 2

7. The Policy constitutes an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)), and is issued in the State of Utah. This claim relates to LTD benefits due under the foregoing Policy.

8. Hartford is the underwriter and administrator of the Policy, and at all times relevant hereto, was and is doing business within the District of Nevada.

## RELEVANT POLICY PROVISIONS

9. Mrs. Rollins is eligible to receive LTD benefits starting on October 14, 2016, following her satisfaction of the Policy's 180-day elimination period, until age 67, based on her Social Security Normal Retirement Age, which would be reached in February 2030. Ex. 1, at 11. Mrs. Rollins is entitled to receive LTD benefits in the amount of $3,539.59 per month, calculated at the rate of 60% of her monthly pre-disability earnings of $5,899.32, less other deductible sources of income in the amount of $2,395.30 per month, for a net monthly LTD benefit of $1,144.29 per month. Ex. A, at 15, 24-25.

10. Thus, the total contractual value of Mrs. Rollins's LTD claim is approximately $133,000, without interest and without discounting to present value.

11. The provisions of the Policy relevant to Mrs. Rollins's claim for LTD benefits provide, in relevant part, as follows:

> **Disability or Disabled** means You are prevented from performing one or more of the Essential Duties of:
> 1) Your Occupation during the Elimination Period;
> 2) Your Occupation, for the first 24 months following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and
> 3) after that, Any Occupation.
>
> . . .
>
> Your Disability must result from:
> 1) accidental bodily injury;
> 2) sickness;
> 3) Mental Illness;
> 4) Substance Abuse; or
> 5) pregnancy.

COMPLAINT - 3

> Your failure to pass a physical examination required to maintain a license to perform the duties of Your Occupation, alone, does not mean that You are Disabled.

Ex. 1 at 23-24.

> **Any Occupation** means any occupation for which You are qualified by education, training or experience, and that has earnings potential greater than the lesser of:
>
> 1) the product of Your Indexed Pre-disability Earnings and the Benefit Percentage; or
> 2) the Maximum Monthly Benefit.

Ex. 1 at 23.

> **Essential Duty** means a duty that:
> 1) is substantial, not incidental;
> 2) is fundamental or inherent to the occupation; and
> 3) cannot be reasonably omitted or changed.
>
> Your ability to work the number of hours in Your regularly scheduled workweek is an Essential Duty.

Ex. 1 at 24.

## STATEMENT OF FACTS

12. Mrs. Rollins worked on a part-time basis as a Nurse Practitioner in the Hematology Department of Primary Children's Hospital, owned by Intermountain, in Salt Lake City, Utah, from January 7, 2008 until April 13, 2016, when she had to cease working due to disability.

13. Mrs. Rollins suffers from interstitial cystitis, a chronic condition that causes bladder pain and urgency.  In addition, Mrs. Rollins suffers from asthma; degenerative disc disease; osteoarthritis of the knees; osteoarthritis and chronic regional pain syndrome of the left ankle; thoracic outlet syndrome; gastroesophageal reflux disease; obstructive sleep apnea; and nonalcoholic steatohepatitis (NASH), a liver disease that can cause fatigue, among other symptoms.

14. Regarding her many health conditions, Mrs. Rollins's family care practitioner, Jeff Anderson, PA-C, wrote in a letter to Hartford dated March 9, 2021, "Quite frankly many

COMPLAINT - 4

days after visiting with her I was surprised that she was able to still work and also that her employer was still allowing her to work due to all the time taken off for evaluations, treatments and healing."

15. On April 13, 2016, Mrs. Rollins had to cease working due to an upper respiratory illness that progressed into acute bronchitis and asthma exacerbation. Mrs. Rollins has remained unable to return to work due to pain, fatigue, and other symptoms related to her multiple, co-morbid health conditions. She has not returned to work in any capacity since April 13, 2016.

16. Mrs. Rollins was encouraged by her employer, Intermountain, to apply for disability benefits. Mrs. Rollins applied for, and received, short term and, later, long term disability benefits from Hartford. The effective date of her LTD benefits was October 14, 2016.

17. Hartford continued to pay Mrs. Rollins LTD benefits even after the definition of disability under the Policy changed from an "Own Occupation" to an "Any Occupation" standard on October 14, 2017.

18. On August 8, 2017, Mrs. Rollins attended an independent medical examination at Hartford's request with occupational medicine specialist Terry Allen Brown, MD, MPH. Dr. Brown determined that Mrs. Rollins suffered from chronic low back pain; complex regional pain syndrome in the left lower extremity after surgeries to stabilize the ankle; bilateral knee osteoarthritis; and interstitial cystitis. He concluded that Mrs. Rollins was capable of sedentary work on a part-time basis (fours per day, 20 hours per week) but not on a full-time basis. He added that, "These restrictions are felt to be permanent."

19. At Hartford's behest and with the assistance of counsel, Mrs. Rollins concurrently submitted a claim for Social Security disability benefits. On May 1, 2019, the Social Security Administration ("SSA") determined that Plaintiff was disabled by its rules as of her 55th birthday, thus signifying that her medical condition resulted in her inability to engage in "any substantial gainful activity." *See* 42 U.S.C. § 423(d)(1)(A) (definition of "disabled" under the Social Security Act). Plaintiff started receiving Social Security disability benefits in August

COMPLAINT - 5

2018 and continues to receive those benefits to this day. Plaintiff has already supplied Hartford with the SSA's notice of award of benefits and notice of its fully favorable decision.

20. Hartford financially benefits from Mrs. Rollins's award of Social Security disability benefits because it reduces the amount of LTD benefits it owes to Plaintiff based on coordination of benefits provisions in the Policy that reduce its benefit payments by the amount of Social Security disability benefits Plaintiff receives. Ex. 1 at 15, 24-25.

21. In January 2018 and again in September 2019, Hartford conducted video surveillance of Mrs. Rollins. During the first round of video surveillance conducted in January 2018, Mrs. Rollins was seen pulling a recycling bin up her driveway, driving to a veterinary hospital, and emerging as a passenger from a car while wearing an oxygen tube on her face.

22. During the second round of video surveillance conducted in September 2019, Mrs. Rollins was seen driving to and from appointments; shopping at a home improvement store and at a crafts store; and exercising on a recumbent bicycle at her gym.

23. Asked to comment on the video surveillance footage, Mrs. Rollins's family medicine practitioner, Jeff Anderson, PA-C, wrote on March 30, 2020, "I am not a disability evaluator but the observed activities would be normal and exercise desirable even with some disabilities."

24. Despite the unremarkable nature of the activities depicted on surveillance, Hartford terminated Mrs. Rollins's LTD benefits on May 28, 2020, asserting that she was no longer disabled under the Policy.

25. Mrs. Rollins, through counsel, appealed Hartford's determination on November 18, 2020. Included with her appeal was additional medical evidence further supporting her ongoing total disability.

26. Upon receiving her appeal, Hartford obtained reviews of Mrs. Rollins's medical records by two non-examining physicians. Those reviews ignored the combined impact of Mrs. Rollins's multiple, comorbid impairments on her ability to maintain competitive employment

and placed undue emphasis on unremarkable video surveillance footage and irrelevant clinical findings. Hartford provided those reviews to Mrs. Rollins and invited her to respond.

27. On March 11, 2021, Mrs. Rollins, through counsel, sent Hartford a timely response to its file reviews, including letters of support from Jeff Anderson, PA-C, urologist David Henderson, MD, and sworn statements from Mrs. Rollins and her stepdaughter outlining the impact of her multiple, complex medical problems.

28. That same day, on March 11, 2021, Hartford denied Mrs. Rollins's appeal, without having reviewed the new evidence discussed above. Despite Mrs. Rollins's protests, Hartford refused to reopen the appeal, asserting that the "administrative record" was closed.

29. By refusing to reopen its appeal decision to consider timely evidence, Hartford violated the ERISA claims regulations, which require that Ms. Rollins be provided a "reasonable opportunity" to respond to any new evidence generated after the appeal submission. *See* 29 C.F.R. § 2560.503–1(h)(4)(i)). Hartford also deprived Mrs. Rollins of the "meaningful dialogue" required by ERISA. *See Booton v. Lockheed Med. Ben. Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997) (citing 29 C.F.R. § 2560.503–1(f)).

30. Defendant's claim appeal process, including its disregard of Plaintiff's Social Security disability benefit award, was biased and self-serving, and placed financial considerations ahead of an objective and fair claim evaluation. Defendant thus failed to meet its fiduciary obligations under ERISA to ensure an accurate claim decision and apply "higher-than-marketplace quality standards" as required by the United States Supreme Court in *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 115, 128 S. Ct. 2343, 2350 (2008); and to provide Plaintiff with a "full and fair review" as required by ERISA § 503 (29 U.S.C. § 1133) and 29 C.F.R. § 2560.503-1.

31. All required pre-litigation appeals seeking the payment of LTD benefits have now been exhausted. Therefore, this matter is ripe for judicial review.

32. The evidence submitted to Hartford establishes that Mrs. Rollins has been continuously unable to return to work since she first ceased working on April 13, 2016, and has thus met and continues to meet the Policy's definition of disability since that date due to her chronic medical conditions. Mrs. Rollins is therefore entitled to receive all LTD benefits due since May 28, 2020, the date Hartford terminated those benefits, with interest. Such LTD benefits should continue under the terms of the Policy for so long as Mrs. Rollins continues to meet the terms and conditions for the receipt of benefits.

**RELIEF SOUGHT**

WHEREFORE, Mrs. Rollins prays for the following relief:

A. That the Court enter judgment in Mrs. Rollins's favor and against Hartford, and that the Court order Hartford to pay all past due LTD benefits to Mrs. Rollins in an amount equal to the contractual amount of benefits to which she is entitled pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B));

B. That the Court order Hartford to pay Mrs. Rollins prejudgment interest on all LTD benefits that have accrued prior to the date of judgment at an appropriate rate pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) or ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3));

C. That the Court order Hartford to continue to pay Mrs. Rollins LTD benefits for so long as she continues to meet the Policy's terms and conditions;

D. That the Court award Mrs. Rollins attorneys' fees and costs pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)); and

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

E.  That the Court award Mrs. Rollins any and all other penalties, damages, and equitable relief to which she may be entitled.

Dated: June 21, 2022

JULIE A. MERSCH, ESQ.
Law Office of Julie A. Mersch
Nevada Bar No.: 004695
1100 E. Bridger Ave.
Las Vegas, NV 89101

MARTINA B. SHERMAN
(*Pro Hac Vice* pending)
DeBofsky Law, Ltd.
150 N. Wacker Drive, Suite 1925
Chicago, IL 60606

By: ___/s/ Martina B. Sherman___
Martina B. Sherman
*Attorneys for Plaintiff, Virginia Rollins*

COMPLAINT - 9